**TIMOTHY A. SCOTT**
California Bar No. 215074
LAW OFFICES OF TIMOTHY A. SCOTT
1350 Columbia Street, Suite 600
San Diego CA, 92101
Telephone: (619) 794-0451
Facsimile: (619) 652-9964
email: timscottlaw@cox.net

Attorneys for Julio Beltran-Lay

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07cr3470-BEN |
| Plaintiff, ) | |
| ) | Date: February 25, 2008 |
| v. ) | Time: 2:00 p.m. |
| ) | **MEMORANDUM IN SUPPORT OF** |
| Julio Beltran-Lay ) | **MOTIONS** |
| Defendant. ) | |

## I.
## Introduction

The Due Process Clause and Ninth Circuit case law provide that when a deportation is an element of a criminal offense, then the accused may collaterally attack the deportation proceeding. Mr. Beltran-Lay's alleged deportation was unlawful because 1) there was no evidence that Mr. Beltran-Lay was an alien, and 2) Mr. Beltran-Lay was never advised of his right to seek review of the deportation order. For both reasons, the Court should dismiss this indictment because it is premised upon an unlawful deportation.

## II.
## Statement of Facts

On September 27, 2007, the INS issued a Notice of Intent to deport Mr. Beltran.[1] The government has produced no evidence that Mr. Beltran-Lay was provided a copy of the

---

[1] See Exhibit A, attached.

document. The Notice of Intent provides a deportee's legal rights and responsibilities, including the right to administrative and legal appeal of a deportation order.[2]

On October 10, 2007, a person named Eric S. Bonnar – who does not appear to be an immigration judge – signed a Final Administrative Removal Order.[3] This document, unlike the Notice of Intent, contains a certification that the order was served upon Mr. Beltran-Lay. Also unlike the Notice of Intent, however, the Final Order does not advise the respondent that they have any administrative remedies or rights to appeal. Thus, nothing in the record suggests that Mr. Beltran-Lay was ever advised of his rights in his immigration proceeding – including his right to administrative and legal appeal.

Though the Notice of Intent alleges that Mr. Beltran-Lay was an alien who entered the United States illegally, the government has produced no evidence that supported this allegation in the immigration record. There is no suggestion that Mr. Beltran-Lay admitted alienage, and no documentary evidence of alienage either.

It appears that Mr. Beltran-Lay was deported after an unsupported allegation of alienage, and without being advised of his rights to administrative or legal appeal. This motion to dismiss the indictment for an unlawful deportation follows.

## III.

**Because there was insufficient evidence presented to show that Mr. Beltran-Lay was an alien, and he did not knowingly waive appeal, this Court should hold that the deportation was unlawful and dismiss the indictment .**

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation."[4] A defendant such as Mr. Beltran-Lay, who is charged with illegal reentry under § 1326, has a Fifth Amendment right to attack his removal order collaterally because the removal order serves as a

---

[2] *Id*.

[3] See Exhibit B.

[4] *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998).

predicate element of his conviction.[5]

To successfully collaterally attack his deportation, Mr. Beltran-Lay must demonstrate that: 1) he exhausted all administrative remedies available to him to appeal his removal order; 2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and, 3) the entry of the order was fundamentally unfair.[6] However, a person is exempt from the exhaustion requirement if they do not make a intelligent and voluntary waiver of their appeal rights.[7]

This deportation cannot stand for two reasons. First, there is simply no evidence that Mr. Beltran-Lay is an alien. There is evidently no admission of alienage by Mr. Beltran-Lay; there are no documents to show alienage; and no other evidence of alienage exists – at least none that appear in the discovery. There was insufficient evidence of alienage to comport with due process.

---

[5] *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987) ("Our cases establish that where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be some meaningful review of the administrative proceeding."). *See also United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047-48 (9th Cir. 2004) (citing *Zarate-Martinez* and *Mendoza-Lopez* for these principles).

[6] 8 U.S.C. § 1326(d); *Ubaldo-Figueroa*, 364 F.3d at 1048. "An underlying removal order is 'fundamentally unfair' if: '1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and 2) he suffered prejudice as a result of the defects.'" *Ubaldo-Figueroa*, 364 F.3d at 1048 (citing *Zarate-Martinez*, 113 F.3d at 1197) (brackets omitted).

[7] *See, e.g., Pallares-Galan*, 359 F.3d. at 1093, 1098 (no express or implied waiver where IJ asked alien if he wished to appeal and alien stated that "[i]t would be better if I leave my children, that's fine" (emphasis removed)); *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000) (finding due process violation in a section 1326 collateral appeal because IJ failed to tell the defendant about his eligibility for waiver of deportation); *United States v. Arce-Lua*, 163 F.3d 559, 563 (9th Cir. 1998) (same); *Zarate-Martinez*, 133 F.3d at 1198 (holding that IJ's conversation with petitioner where IJ asked, "do you understand your rights?" and petitioner responded "yes," did not "qualify as an express or implied 'voluntary or intelligent' waiver of the right to appeal, even though IJ had previously informed the group that they would have the right to appeal); *United States v. Lopez-Vasquez*, 1 F.3d 751, 753 (9th Cir. 1993) (en banc) (alien's waiver was not "considered and intelligent" even though the IJ thoroughly explained the right to appeal at a group hearing because the IJ failed to solicit separate responses from each individual; fact that the petitioner knew what an appeal was "was insufficient"; the IJ's actions may have conveyed the message that the petitioners would not benefit from an appeal).

1  Second, there is no evidence that Mr. Beltran-Lay was advised of his administrative and
2  legal rights. He received the final order according the certificate of service appearing upon it,
3  but the same cannot be said for the notice of intent – the only document containing his legal
4  rights. It seems doubtful that Mr. Beltran-Lay appeared before an immigration judge at all
5  before being removed from the United States. This failure to advise him of his rights does two
6  things: 1) it exempts him from any requirement to exhaust remedies before attacking his
7  deportation; and 2) it provides another independent error in his deportation proceeding. It is
8  beyond dispute that it is "fundamentally unfair" to deport someone who is not actually an alien;
9  it is doubly unfair to do so without allowing a person to appeal the decision. For all of these
10 reasons, dismissal is appropriate.

## IV.
## Conclusion

13 For the foregoing reasons, this motion should be granted.

14 Dated: February 22, 2008                    Respectfully submitted,

*s/ Timothy A. Scott*

**TIMOTHY A. SCOTT**
Attorneys for Mr. Beltran-Lay