1  KAREN P. HEWITT
   United States Attorney
2  CHRISTOPHER M. ALEXANDER
   Assistant U.S. Attorney
3  California Bar. No. 201352
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7425 /(619) 235-2757 (Fax)
   Email: Christopher.M.Alexander@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                   UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA ) | Criminal Case No. 07CR3470-BEN |
| 11 | Plaintiff, ) | HEARING DATE: March 10, 2008 |
|    |                          ) | TIME:          2:00 p.m. |
| 12 |                          ) | |
|    | v.                       ) | UNITED STATES' RESPONSE TO |
| 13 |                          ) | DEFENDANT'S MOTIONS: |
| 14 |                          ) | (1)  DISMISS DUE TO INVALID |
|    | JULIO BELTRAN-LAY,       ) |      DEPORTATION. |
| 15 |                          ) | |
|    | Defendant.               ) | |
| 21 |                          ) | TOGETHER WITH STATEMENT OF FACTS, |
|    |                          ) | MEMORANDUM OF POINTS AND |
| 22 |                          ) | AUTHORITIES |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Christopher M. Alexander, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's above-referenced motion. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

# I

## STATEMENT OF THE CASE

On December 27, 2007, a federal grand jury in the Southern District of California returned an Indictment charging Defendant Julio Beltran-Lay ("Defendant") with being a deported alien found in the United States after deportation in violation of 8 U.S.C. § 1326. On January 8, 2008, Defendant was arraigned and entered a not guilty plea. The Court set a motion hearing date for February 25, 2008.

On February 11, 2008, Defendant filed motions to compel discovery, suppress various evidence, dismiss the indictment on various grounds, strike the date allegation in the Indictment as surplusage, and for leave to file further motions. The United States responded. On February 22, 2008, Defendant filed a motion to dismiss based upon an unlawful deportation. The United States could not respond in the time allowed.

On February 25, 2008, the Court held a motion hearing. The Court made the following ruling: (1) denied Defendant's motions to dismiss for failure to present, dismiss for failure to allege elements, dismiss due to grand jury instructions, and strike surplusage; (2) continued Defendant's motions for discovery, dismissal due to unlawful deportation, and for suppression of statements; (3) ordered disclosure of the A-File; and (4) granted the United States' motions for reciprocal discovery and fingerprint exemplars. The A-File review was completed and documents requested have been produced. The United States now responds to Defendant's motion to dismiss based upon an unlawful deportation.

# II

## STATEMENT OF FACTS

### A. The Instant Offense

On Monday, October 22, 2007, at approximately 5:15 a.m., Sector Radio broadcasted a citizen's report of an individual detained near the R.J. Donovan Correctional Facility. The prison is located

1  approximately one mile east of the Otay Mesa, Port of Entry and approximately two miles north of the
2  international border with Mexico. Border Patrol Agent Edgar Hunt responded to the call.

3  When Agent Hunt arrived, Correctional Officer Sergeant J. Averett had Defendant detained
4  approximately 200 yards east of the guard shack. Sergeant Averett stated that he stopped Defendant
5  because he was trespassing and thought he might be an inmate trying to escape from the facility. After
6  a brief interview, Sergeant Averett determined that Defendant was not an inmate.

7  Agent Hunt approached Defendant, identified himself as a Border Patrol agent, and asked
8  Defendant routine immigration questions. Defendant claimed that he was a "United States citizen."
9  Defendant could not provide any identification to support his claim. Agent Hunt asked Defendant
10 common knowledge questions regarding the United States. Defendant was unable to provide accurate
11 answers. The answers Defendant provided were confused and contradictory. Defendant was detained
12 and transported to the Chula Vista Border Patrol stations for processing.

13 At the station, Defendant was entered into the Automated Biometric Identification System. This
14 provided Defendant's true identity and some of his prior criminal and immigration histories. These
15 checks indicated a formal order of removal by an Immigration Judge on October 10, 2007. Defendant's
16 criminal history also showed a conviction for robbery. A complete set of rolled fingerprints was
17 submitted to WIN/AFIS and confirmed Defendant's identity.

18 At approximately 10:19 a.m.,        Agent Hunt advised Defendant in the Spanish language of
19 his communication rights with the Mexican Consulate as witnessed by Agent Juan Sanchez. Defendant
20 stated that he understood this right and did not wish to speak with the consulate.

21 Defendant was also advised that his administrative rights did not apply and that he was being
22 charged criminally. Furthermore, he was advised that a voluntary return to Mexico would not be
23 granted.

24 At approximately 10:21 a.m., Agent Hunt advised Defendant in the Spanish language of his
25 <u>Miranda</u> warnings as witnessed by Agent Sanchez. Defendant stated that he understood his rights and
26 invoked his right to remain silent. At this time, all questioning stopped.

27 ///
28 ///

B.     **Defendant's Criminal and Immigration History**

Defendant was convicted on April 14, 2006, of robbery in violation of California Penal Code § 211 and received 2 years in prison.

Concerning his immigration history, on October 10, 2007, Defendant was ordered deported and was physically removed from the United States to Mexico.

## III

## DEFENDANT'S REMOVAL WAS LAWFUL

A defendant charged with illegal reentry after removal under 8 U.S.C. § 1326 may collaterally attack the removal order. United States v. Mendoza-Lopez, 481 U.S. 828, 837-38 (1987). To sustain a collateral attack, a defendant must show the following: (1) that he exhausted all administrative remedies available to him to appeal his removal order; (2) that the underlying removal proceedings at which the order was issued "improperly deprived [him] of the opportunity for judicial review;" and (3) that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The Ninth Circuit has stated that "[a]n underlying removal order is fundamentally unfair if: (1) [an alien's] due process rights were violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004) (internal quotation marks omitted); but see United States v. Aguirre-Tello, 353 F.3d 1199, 1205 (10th Cir. 2004) (en banc) ("We agree with the majority of other circuits which have addressed the issue and concluded that 'there is no constitutional right to be informed of the existence of discretionary relief for which a potential deportee might be eligible.'" (citation omitted)).

A.     **Defendant Admitted That He Was A Deportable Alien Without Relief and Waived Judicial Review**

Defendant attaches as an exhibit the front page of the Notice of Intent to Issue a Final Administrative Removal Order and asserts a series of defects. Through inadvertence, the United States failed to produce the back page of the Notice of Intent to Issue a Final Administrative Removal Order. It has now been produced.[1] On the back of the Notice, Defendant is given the opportunity to contest

---

[1]     A true and correct copy is attached as Exhibit 1.

the allegations on the front page of the Notice of Intent and request withholding of removal. Instead, Defendant admits the allegations on the Notice:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges.

Moreover, Defendant waived any right to judicial review:

> I understand that I have the right to remain in the United States for 14 calendar days to in order to apply for judicial review. I do not wish this opportunity. I waive this right.

Defendant signed the document. There was on error in Defendant's removal.

### B. Because Defendant Was Convicted of a Categorical Aggravated Felony, He Cannot Establish That He Was Prejudiced by His Removal

Defendant may make additional arguments concerning the validity of his 2007 administrative removal. This Court need not reach any of these arguments, because Defendant cannot establish that he was in any way prejudiced by this removal, which Defendant concedes he must establish. Prejudice can only be demonstrated if Defendant shows that he had plausible grounds for relief from deportation. United States v. Arce-Hernandez, 163 F.3d 559, 564 (9th Cir. 1998).

Defendant is not eligible for "any relief from removal that the Attorney General may grant in the Attorney General's discretion." INA § 238(b)(5). He is an aggravated felon, which means he is conclusively presumed to be subject to removal and is ineligible for cancellation of removal, voluntary departure, and registration as a permanent resident alien. See United States v. Espinoza-Farlo, 34 F.3d 469, 471-472 (7th Cir. 1994). When we add to the obstacles imposed by virtue of that status the effect of 8 U.S.C. § 1228(b)(5)'s exclusion of aliens removed under the expedited procedures from "any relief from removal that the Attorney General may grant in the Attorney General's discretion," the absence of prejudice is deducible almost as a matter of law. See United States v. Garcia-Martinez, 228 F.3d 956, 963 (9th Cir. 2000) (holding that for alien convicted of aggravated felony and placed in expedited procedures under § 1228, removal is "foregone conclusion"); United States v. Benitez-Villafuerte, 186 F.3d 651, 659 (5thCir. 1999) (same).

Under 8 U.S.C. § 1227(a)(2)(A)(iii), any "alien who is convicted of an aggravated felony at any time after admission is deportable." No alien deportable as an aggravated felon under that section "shall

1  be eligible for any relieve from removal that the Attorney General may grant in the Attorney General's
2  discretion." 8 U.S.C. § 1228(b)(5). There simply is no way for Defendant to establish any prejudice
3  because he was not eligible for any relief from deportation. See Garcia- Martinez, 228 F.3d at 964
4  (finding that defendant needed to show actual prejudice rather than "assumed" prejudice, and that
5  defendant could not do so because the official removing him had no discretionary authority to grant
6  relief from deportation in light of defendant's prior rape conviction).

7  Defendant's robbery conviction constitutes an aggravated felony as both a crime of violence and
8  as a theft offense. See 8 U.S.C. § 1101(a)(43)(F), (G). Defendant was convicted of robbery in violation
9  of Cal. Penal Code § 211. Under California law, "[r]obbery is the felonious taking of personal property
10 in the possession of another, from his person or immediate presence, and against his will, accomplished
11 by means of force or fear." Cal. Penal Code § 211. "Felonious taking" requires an intent to permanently
12 deprive. People v. Lopez, 31 Cal. 4th 1051, 1058 (2003); see also People v. Dominguez, 38 Cal. App.
13 4th 410, 418 (Cal. Ct. App. 1995) ("Robbery occurs when any type of personal property is removed
14 from the victim; an essential element of robbery is the intent to permanently deprive the victim of
15 possession of the property.").

16 First, it is a crime of violence. An "aggravated felony" includes a "crime of violence" as defined
17 in 18 U.S.C. § 16. 8 U.S.C. § 1101(a)(43)(F). Section 16 defines a crime of violence as follows:

18  The term "crime of violence" means--
    (a) an offense that has as an element the use, attempted use, or threatened use of physical
19  force against the person or property of another, or
    (b) any other offense that is a felony and that, by its nature, involves a substantial risk
20  that physical force against the person or property of another may be used in the course
    of committing the offense.
21

22 18 U.S.C. § 16. Using force or creating a substantial risk of force to attempt to take property from a
23 person is a crime of violence. See Reyes-Alcaraz v. Ashcroft, 363 F.3d 937, 938 (9th Cir. 2004); see
24 also United States v. David H., 29 F.3d 489, 494 (9th Cir. 1994) (per curiam) (holding that robbery
25 under Cal. Penal Code § 211 is perpetrated by the threatened use of physical force or the substantial risk
26 that physical force against the person of another may be used); United States v. McDougherty, 920 F.2d
27 569, 573-74 (9th Cir. 1990) (holding that robbery under Cal. Penal Code § 211 is by definition a crime
28 of violence).

1    Second, it is a theft offense. "The generic definition of 'theft offense' as it is used in § 1101(a)(43)(G) is 'a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.'" Martinez-Perez v. Gonzales, 417 F.3d 1022, 1024 (9th Cir. 2005) (citation omitted). Here, Cal. Penal Code § 211 satisfies the definition.

As set forth below, the Ninth Circuit has consistently and repeatedly upheld the validity of expedited administrative removal proceedings where a defendant does not appear before an immigration judge. Simply put, Defendant cannot establish that he was in any way prejudiced by his removal, and his motion should be denied.

### C. Administrative Removals Are Acceptable Forms of Removal, and the Administrative Removal of Defendant Did Not Violate His Due Process Rights

Aggravated felons are subject to expedited administrative removal. See 8 U.S.C. § 1228(b); United States v. Hernandez-Vermudez, 356 F.3d 1011, 1012 (9th Cir. 2004). Proceedings under § 1228(b) are governed by 8 C.F.R. § 238.1. Under § 238.1, removal proceedings commence when the alien is served with the Notice of Intent in conformance with 8 C.F.R. §§ 103.5a(a)(2) & 103.5a(c)(2). See 8 C.F.R. § 238.1(b)(2)(I).

The Ninth Circuit has held that absent a showing of a due process violation and prejudice, the government may rely on a deportation pursuant to a Final Administrative Removal Order in prosecuting a defendant under 8 U.S.C. § 1326. United States v. Garcia-Martinez, 228 F.3d 956 (9th Cir. 2000). In Garcia-Martinez, the defendant argued that his administrative removal pursuant to 8 U.S.C. § 1228 could not be used as an element of his offense of illegal entry because the proceeding was conducted by an inherently biased adjudicator. Id. at 960. The Ninth Circuit engaged in a detailed analysis of the expedited removal process and concluded that, in light of precedent from other circuits and the Supreme Court, the defendant's arguments concerning the institutional bias of the INS officials in charge of expedited removals lacked merit. Id. at 961-963. Nowhere in the Garcia- Martinez opinion did the Ninth Circuit suggest that the expedited removal statutes were subject to challenge under general due process or equal protection principles.

1          More recently, the Ninth Circuit again upheld the expedited removal statute, this time in the face

2   of a challenge based on statutory construction. In <u>United States v. Hernandez-Vermudez</u>, 356 F.3d 1011

3   (9th Cir. 2004), the defendant challenged his expedited removal on grounds that the statute authorized

4   such removals only for aliens who were "admitted" into the country, not those who entered illegally.

5   The Court rejected that argument, concluding that Congress intended the expedited removal provision

6   to apply to only aggravated felons, but regardless of whether they entered legally or illegally. <u>Id.</u> at

7   1013-1015. Again, nowhere in the opinion does the Court suggest that due process concerns could

8   jeopardize the statute.

9          Were there any doubt about the validity of the administrative removal process, the Ninth Circuit

10  put that doubt to rest in the recent published case of <u>U.S. v. Calderon-Segura</u>, --- F.3d ----, 2008 WL

11  80705 (9th Cir. Jan. 9, 2008). In <u>Calderon-Segura</u>, the Ninth Circuit held:

> We agree with the Fifth and Eighth Circuits that a rational basis exists for granting the Attorney General discretion to place some non-LPR aggravated felons into expedited removal proceedings and others into potentially more lenient general removal proceedings. <u>Gonzalez v. Chertoff</u>, 454 F.3d 813, 818 (8th Cir.2006); <u>Flores-Ledezma v. Gonzales</u>, 415 F.3d 375, 381-82 (5th Cir.2005). As those courts have recognized, the aliens described in § 1228(b) "include many persons who could rationally be granted special deference and courtesy under the immigration laws: ambassadors, diplomats, employees of foreign governments, journalists, scholars, teachers, and professors, among others." <u>Flores-Ledezma</u>, 415 F.3d at 381, quoted in Gonzalez, 454 F.3d at 818. To paraphrase our decision in <u>Taniguchi</u>, 303 F.3d at 958, although it might have been wiser, fairer, and more efficacious for Congress to have deemed all non-LPR aggravated felons ineligible for the benefits available in general removal proceedings, the decision of Congress was nonetheless a rational first step towards the legitimate goal of rapidly removing criminal aliens. We therefore conclude that 8 U.S.C. § 1228(b)(1) does not violate equal protection.

20         **D.     Defendant Did Not Exhaust His Administrative Remedies**

21         Finally, in order to successfully collaterally attack a prior removal order, a defendant must

22  demonstrate that he exhausted his administrative remedies. <u>United States v. Camacho-Lopez</u>, 450 F.3d

23  928, 930 (9th Cir 2006); <u>see also</u> 8 U.S.C. § 1326(d). Defendant chose not to contest his removal.

24  Defendant also specifically did not choose to request withholding or deferral of removal. Defendant

25  never pursued his administrative remedies.

26  / / /

27  / / /

28  / / /

# IV

## **CONCLUSION**

For the foregoing reasons, the United States asks that the Court deny Defendant's motion and limit further motions to those based on new law or facts.

DATED: March 6, 2008                    Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*s/Christopher M. Alexander*

CHRISTOPHER M. ALEXANADER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Christopher.M.Alexander@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JULIO BELTRAN-LAY,<br><br>　　　　　Defendant. | Criminal Case No.　07CR3470-BEN<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, CHRISTOPHER ALEXANDER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response to Defendant's Motions to (1) dismiss the Indictment, together with statement of facts, memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　　1.　　Timothy Scott, Esq.
　　　　　　Atty for Defendant

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　*s/Christopher M. Alexander*
　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER M. ALEXANDER