1 **TIMOTHY A. SCOTT**
California Bar No. 215074
2 LAW OFFICES OF TIMOTHY A. SCOTT
1350 Columbia Street, Suite 600
3 San Diego CA, 92101
Telephone: (619) 794-0451
4 Facsimile: (619) 652-9964
email: timscottlaw@cox.net
5
Attorneys for Julio Beltran-Lay
6
7                              UNITED STATES DISTRICT COURT

8                           SOUTHERN DISTRICT OF CALIFORNIA

9                            **(HONORABLE ROGER T. BENITEZ)**

10 UNITED STATES OF AMERICA,          )   Case No. 07cr3470-BEN
                                      )
11         Plaintiff,                 )   Date:   April 28, 2008
                                      )   Time:   2:00 p.m.
            v.                        )
12                                    )   **RESPONSE TO GOVERNMENT'S MOTIONS**
   Julio Beltran-Lay                  )   *INLIMINE*
13                                    )
            Defendant.                )
14
15                                        **I.**

16                                   **Introduction**

17         The Court is presented with the following issues in the government's motions inlimine:

18 •       **Evidence regarding alienage and residency:**

19         Under established Ninth Circuit law,[1] a defendant in a § 1326 trial is entitled to contest

20 the element of alienage.  Mr. Beltran-Lay has disclosed a fair bit of evidence that does so.[2]  The

21 government's motions inlimine, however, seek to exclude "reference to why the defendant

22

23

24

25      [1]    *See United States v. Meza-Soria*, 935 F.2d 166 (9th Cir. 1991)*; United States v. Ortiz-
               Lopez*, 24 F.3d 53 (9th Cir. 1994).
26
        [2]    *See Defendant's Motions to Pre-Admit Documents* filed April 14, 2008 (moving to pre-
27             admit 1) baptism certificate showing place of birth as Los Angeles, California; 2)
               school records showing birthplace as California; and 3) certificate of no record of birth
28             in Tijuana).

1    reentered the United States"[3] and to "prohibit reference to prior residency."[4]  The cases that the

2    government cites in support of its argument are distinguishable from this alienage case, and

3    cannot prevent Mr. Beltran-Lay from presenting evidence that he may well be a United States

4    citizen.  He therefore asks that these motions be denied to that extent that they impinge upon his

5    right to challenge alienage.

6    •    **Other Government Motions in Limine:**

7        The remainder of the government's motions generally do not identify specific pieces of

8    evidence, instead restating general rules of evidence and seeking to preclude various categories

9    of evidence that a defendant might raise at trial.  The government's motions are generally either

10   unopposed, or should be denied without prejudice as vague and/or moot.

11

12                                      **III.**

13                              **Argument in Response**

14   **A.    Mr. Beltran-Lay has no objection to the case agent's presence during trial.**

15       Mr. Beltran-Lay does not oppose the government's request to have the case agent present

16   during trial.  If necessary, Mr. Beltran-Lay requests the same opportunity for his lead

17   investigator.

18

19   **B.    Mr. Beltran-Lay will not argue "political, religious, or moral beliefs" about
         immigration law, but will exercise his right to challenge the element of alienage at
20        trial.**

21       Citing *United States v. Komisaruk*,[5] the government seeks to prevent "reference to why

22

23

24

25

----

26   [3]    Government Motions inlimine at 4.

27   [4]    *Id.* at 5.

28   [5]    885 F.2d 490 (9th Cir. 1990).

1    the defendant reentered the United States."[6] *Komisaruk* bears little relation to this case,[7]

2    however, so the government's motion should be denied.

3        In *United States v. Komisaruk*[8] – a case involving a conviction for vandalizing an Air

4    Force computer – the district court excluded the defendant's "political, religious, or moral

5    beliefs," about nuclear war, concluding that they were irrelevant.  The Ninth Circuit upheld the

6    conviction, finding no error in the district court's ruling.

7        Here, Mr. Beltran-Lay does not seek to offer any political, religious, or moral beliefs

8    about United States politics or policies.  The fairness of the immigration laws are not at issue,

9    and Mr. Beltran-Lay will not offer his personal beliefs as to his right to be present in the United

10   States.  *Komisaruk* is thus factually dissimilar to this case, and does not control here.

11       Instead, this case is governed by Ninth Circuit law holding that a § 1326 defendant is

12   entitled to challenge the element of alienage, and to elicit evidence that might cast doubt on that

13   part of the government's case.  In *United States v. Meza-Soria,*[9] for example, the Ninth Circuit

14   held that a defendant is "entitled to put the government to its burden of proof on the issue of

15   alienage" by introducing evidence that he or she is not an alien.[10]  As *Meza-Soria* makes clear,

16   "[W]hen a person is charged with the felony of being an alien who has reentered the United

17   States after being deported, the government must prove alienage beyond a reasonable doubt. The

18   person is **entitled** to contest the government's evidence by submitting his own evidence of

19   citizenship." [11]   Mr. Beltran-Lay seeks to do just that, offering: 1) the absence of a Mexican

20   birth certificate; 2) Mr. Beltran-Lay's baptismal certificate, created in the United States; and 3)

21   public school records that designate his place of birth as California.  This evidence is probative

22

23   [6]    Government Motions at 4.

     [7]    For the Court's convenience, a copy of the *Komisaruk* opinion is attached as Appendix
24          A.

25   [8]    885 F.2d 490 (9th Cir. 1980)

26   [9]    935 F.2d 166, 170 (9th Cir. 1991).

27   [10]   Id. at 170.

28   [11]   935 F.2d 166, 171 (9th Cir. 1991) (emphasis added).

1    of his alienage.  It is therefore relevant and admissible and should be submitted to the trier of

2    fact.  The government's motion should be denied to the extent it would purport to limit this

3    admissible evidence.

4

5    **C.    The government's motion to prohibit reference to Mr. Beltran-Lay's prior residency
          in the United States should also be denied to the extent that it impinges upon his**

6    **ability to contest alienage.**

7         Citing *United States v. Ibarra*[12] and the district court case, *United States v. Serna-Vargas*,[13] the

8    government seeks to exclude prior evidence of residency in the United States.[14]  Those cases are

9    distinguishable, however, and evidence of Mr. Beltran's residency remains relevant and admissible to

10   the extent it relates to his alienage defense to this charge.

11        In *United States v. Ibarra*[15], a defendant sought to introduce evidence of prior residency, but

12   failed to tie it to any valid defense at trial.[16]  The Ninth Circuit upheld the conviction, reasoning that

13   because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage,

14   the district court properly excluded it as irrelevant.

15        While this portion of the court's reasoning is correctly stated, it remains incomplete and

16   inapplicable to the present case.  Before the *Ibarra* court affirmed that the evidence Ibarra sought to

17   introduce was irrelevant, it unequivocally confirmed that the defendant has the right to attack alienage:

18   "[A] defendant can present evidence to rebut the government's showing of alienage but the defendant

19   must at least make an offer of proof and have probative evidence to establish a triable issue of alienage

20   before the evidence can be presented to the jury" the Court held.[17]  Because Mr. Beltran-Lay's proposed

21

22   [12]   3 F.3d 1333, 1334 (9th Cir. 1993).

23   [13]   917 F. Supp. 711 (C.D. Cal. 1996).

24

25   [14]   See Government's Motions at 6.

26   [15]   3 F.3d 1333, 1334 (9th Cir. 1993).

27   [16]   A copy of this opinion, and the others cited in this section of the argument, are
           attached for the Court's reference.

28   [17]   *Id.* at 1335.

-4-

1   evidence relates directly to alienage, it is admissible under *Meza-Soria*, not precluded by *Ibarra*.  The

2   government's reliance on *Ibarra* is misplaced consequently.

3       *United States v. Serna-Vargas*[18] does not support the government's position either.  There, the

4   defendant attempted to re-litigate"de facto" citizenship as an affirmative defense.  The district court

5   simply confirmed that there is no "de facto" citizenship defense, and that these factors should have been

6   litigated in the deportation hearing instead.  Mr. Beltran-Lay's case, of course, does not pertain to "de

7   facto" citizenship; it pertains to *citizenship*.  A prior deportation does not preclude later evidence

8   attacking alienage.  As the Ninth Circuit held in *United States v. Ortiz Lopez*[19] "[A]llowing deportation

9   orders to establish the element of alienage in a later criminal trial would eviscerate the element

10  altogether. It would impose criminal liability for 'any person' who has been previously deported and

11  reenters the United States. But the statute imposes criminal liability only on 'any alien' who reenters

12  after deportation."[20]  Consequently, a criminal defendant is entitled to attack alienage, an essential

13  element of the alleged instant offense, despite prior deportation.  *Serna-Vargas* does not hold to the

14  contrary.

15      For all of these reasons, Mr. Beltran-Lay should be permitted to put on his evidence attacking

16  alienage.  He asks that the government's motion be denied.

17

18  **D.    Mr. Beltran-Lay does not presently intend to introduce evidence of poor INS record-keeping.**

19      Mr. Beltran-Lay does not intend to pursue this issue at trial unless the government opens

20  the door to it through its examination of witnesses on direct or cross.

21  //

22  //

23  //

24

25

26  [18]    917 F. Supp. 711 (C.D. Cal. 1996).

27  [19]    24 F.3d 53 (9th Cir. 1994).

28  [20]    *Id.* at 56 (emphasis added).

1  **E.     Evidence of Mr. Beltran's health, age, or education will only arise if relevant to testimony at trial, and he will not argue punishment.**

2

3       The government asks this Court to preclude reference to Defendant's "health, age,

4  education and potential punishment."  To begin with, Mr. Beltran-Lay will not argue about the

5  potential sentence that he might receive if convicted.  Mr. Beltran-Lay does not believe that his

6  health will be an issue either.  Testimony or argument about age, education, or finances will only

7  be presented if reasonably related to evidence in a defense case in chief or rebuttal.  Ninth

8  Circuit Model Jury Instruction § 3.1, which the government often cites in its papers, instructs

9  jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy."

10  This proper limiting instruction will amply guard against any perceived prejudice from

11  "sympathetic" evidence inextricably interwoven with the defense evidence, because, as the

12  government often points out, juries are generally assumed to follow jury instructions.  In sum,

13  Mr. Beltran-Lay will not attempt to introduce otherwise inadmissible evidence, and the

14  government should object at trial if it feels otherwise.  The government's motion inlimine should

15  be denied as moot and/or overbroad.

16

17  **F.     Mr. Beltran-Lay does not intend to elicit expert testimony, but reserves the right to call an expert immigration witness to discuss the conditions under which Mr.**

18  **Beltran-Lay would have made incriminating statements during administrative deportation.**

19

20       The government moves to exclude defense experts at trial.  Mr. Beltran-Lay does not

21  presently plan to call any expert witnesses at trial.  In an abundance of caution, however, Mr.

22  Beltran-Lay gives notice that if the government seeks to elicit statements that Mr. Beltran-Lay

23  made during his administrative deportation from the U.S., then Mr. Beltran-Lay may call an

24  immigration attorney familiar with immigration proceedings in Fresno, California to testify as a

25  fact witness.  The witness would discuss the length and tone of these administrative interviews,

26  the choices presented to persons subject to deportation, the pressure brought upon them to sign

27  papers or face lengthy detention, and similar topics.  This evidence may not constitute expert

28  testimony at all, and it would only be in rebuttal.  It would also be moot if the Court excludes

1  statements, as Mr. Beltran-Lay has requested.  Mr. Beltran-Lay discloses this evidence now,

2  however, to the extent the government seeks to introduce statements at trial.

3
4  **G.     Mr. Beltran-Lay submits on the admissibility of A-file documents, but asks that the rulings be applied consistently during cross-examination as well.**

5         The government moves to admit certain A-file documents at trial.  Mr. Beltran-Lay

6  submits on the issue.  It is worth noting, however, that if the government seeks to introduce some

7  portions of the A-file, it should not be surprised if Mr. Beltran-Lay seeks to highlight other

8  portions of the same documents or file.  Mr. Beltran-Lay should be permitted to do so under Fed.

9  R. Evid. 106 (the rule of completeness), 803(6) (business records), and/or 803(8)(C) (public

10  records introduced against the government).

11

12                                              **IV.**

13                                         **Conclusion**

14         For the foregoing reasons, these motions should be granted.

15

16  Dated: April 21, 2008                          Respectfully submitted,

17                                                 *s/ Timothy A. Scott*

18

19                                                 **TIMOTHY A. SCOTT**
                                                   Attorneys for Mr. Beltran-Lay

20

21

22

23

24

25

26

27

28