the equivalent of finding that the prosecutor would have excused her regardless of any asserted improper motive. Remand is unnecessary. I would affirm.



**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Reyes Emilio IBARRA, Defendant–Appellant.**

No. 92–10463.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 1993.

Decided Sept. 2, 1993.

Defendant was convicted in the United States District Court for the District of Arizona, Stephen M. McNamee, J., of illegal reentry in the United States after having been previously deported, and he appealed. The Court of Appeals, Brunetti, Circuit Judge, held that: (1) defendant's right to contest alienage element of offense did not give him right to introduce irrelevant evidence; (2) defendant was not entitled to challenge legality of prior deportation before jury following pretrial determination of that issue by court; and (3) defendant was not prejudiced by prosecutor's improper comment during closing argument that defendant had failed to produce evidence on alienage.

Affirmed.

**1. Aliens ⬅56**

Defendant's prior deportation must have been lawful for defendant thereafter to be convicted of illegally reentering the United States after prior deportation. Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

**2. Aliens ⬅56**

Evidence of alien's prior legal status in the United States and citizenship of his wife, mother, and children was not relevant to alienage element of offense of illegally reentering the United States after prior deportation, where alien was not attempting to establish derivative citizenship. Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

**3. Aliens ⬅59**

Defendant's right to contest alienage element of offense of illegally reentering United States after prior deportation does not include right to introduce irrelevant evidence; defendant can present evidence to rebut government's showing of alienage, but defendant must at least make offer of proof and have probative evidence to establish triable issue of alienage before evidence can be presented to jury. Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

**4. Aliens ⬅59**

Alien being prosecuted for illegally reentering the United States after prior deportation was not entitled to challenge legality of prior deportation before jury, when there had already been pretrial ruling on that issue by district court. Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

**5. Aliens ⬅59**

Defendant must be allowed to present evidence regarding legality of prior deportation to jury, in prosecution for illegally reentering the United States after prior deportation, where issue has not been previously determined and there are factual issues which need to be established; however, where district court has previously determined that prior deportation was valid, such evidence can be excluded on ground that it is irrelevant or would mislead jury. Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

**6. Aliens ⬅59**

In prosecution for illegally reentering the United States after prior deportation, defendant was not prejudiced by prosecutor's improper comments during closing argument

that defendant had failed to produce evidence on alienage, where such comments were immediately followed by curative instruction. Immigration and Nationality Act, § 276, 8 U.S.C.A. § 1326.

---

Harriet M. Zeitzer, Linda C. Boone, argued by Asst. U.S. Attys., Phoenix, AZ, for plaintiff-appellee.

Robert J. McWhirter, Asst. Federal Public Defender, Phoenix, AZ, for defendant-appellant.

Appeal from the United States District Court for the District of Arizona.

Before: SCHROEDER and BRUNETTI, Circuit Judges, and KING,* District Judge.

BRUNETTI, Circuit Judge:

Reyes Emilio Ibarra appeals his conviction for violating 8 U.S.C. § 1326(b)(1), illegal reentry into the United States after having been previously deported. On appeal, Ibarra contends that the district court erred in precluding him from introducing evidence on the issue of alienage; that the district court should have allowed him to collaterally attack the legality of his prior deportation before the jury; and, that a mistrial should be granted because of improper comments by the prosecution during closing argument. We find that none of these objections have merit and affirm the judgment of conviction.

I. DISCUSSION

[1] The elements of the crime of illegally reentering the United States after prior deportation under 8 U.S.C. § 1326[1] include: "(1) the defendant is an alien; (2) he was arrested and deported or excluded and deported; and (3) thereafter, he improperly entered, or attempted to enter, the United States." *United States v. Meza–Soria*, 935 F.2d 166, 168 (9th Cir.1991). We have also held that in order to convict a defendant for a violation of § 1326, the prior deportation must have been "lawful." *United States v. Gasca–Kraft*, 522 F.2d 149, 152 (9th Cir.1975) ("the Government must prove beyond a reasonable doubt that the defendant 'illegally entered the United States after being deported according to law.' ").

A. Alienage

[2] In *United States v. Meza–Soria*, 935 F.2d at 169, we held that the government must prove alienage beyond a reasonable doubt and that the factual findings in a prior deportation proceeding, where the burden of proof is "clear and convincing," do not establish the alienage element of a § 1326 offense.[2] We also held that a defendant is "entitled to put the government to its burden of proof on the issue of alienage" by introducing evidence that he or she is not an alien. *Id.* at 170.

Ibarra argues that the district court erred in granting the government's motion in limine precluding him from introducing evidence of his prior legal status in the United States, and the citizenship of his wife, mother[3] and children. The district court held the

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

1. Section 1326 provides in part:

   (a) Subject to subsection (b) of this section, any alien who—
   (1) has been arrested and deported or excluded and deported, and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States ...
   shall be fined under Title 18, or imprisoned not more than 2 years, or both.

2. At oral argument, the government suggested that *Meza–Soria* was in conflict with other Ninth Circuit case law because the elements of alienage and the legality of a prior deportation are inextricably linked. We do not agree. While a defendant could negate the alienage element of a § 1326 offense by raising a reasonable doubt as to whether he or she was a citizen, such a showing would not necessarily establish that a prior deportation was not "according to law." It is possible that a defendant in a § 1326 action could successfully raise a reasonable doubt as to his or her citizenship although the prior deportation hearing was valid in that proof of alienage was offered to meet the "clear and convincing" standard and there were no procedural errors resulting in prejudice to the defendant.

3. While the citizenship of a parent may be relevant in some cases to establish derivative citizenship, Ibarra concedes that he was not attempting to establish derivative citizenship in this case.

this evidence was irrelevant because it did not go to show that Ibarra was an American citizen. Ibarra contends that this evidence could have raised a reasonable doubt as to his alienage and that he was entitled to present it under *Meza–Soria*.

[3] While *Meza–Soria* establishes a defendant's right to contest the alienage element at trial, it does not give the defendant the right to introduce irrelevant evidence. Here, the evidence offered by Ibarra was not probative of his alienage which was established by the government by way of a Mexican birth certificate. A defendant can present evidence to rebut the government's showing of alienage but the defendant must at least make an offer of proof and have probative evidence to establish a triable issue of alienage before the evidence can be presented to the jury. We hold that on the facts of this case, the district court did not err in finding that the evidence Ibarra sought to introduce was irrelevant.

B. Legality of Prior Deportation

[4] Before trial, the district court granted the government's motion in limine to preclude Ibarra from introducing evidence regarding the validity of his prior deportation. Ibarra argues that lawful deportation is an element of the offense which the government must prove beyond a reasonable doubt and that evidence regarding the validity of his prior deportation should have gone to the jury. The government argues that the lawfulness of the prior deportation is a legal question for the court to decide prior to trial.

It is clear that the legality of a prior deportation can be collaterally attacked prior to trial. *See United States v. Mendoza–Lopez*, 481 U.S. 828, 837–38, 107 S.Ct. 2148, 2154–55, 95 L.Ed.2d 772 (1987); *United States v. Nicholas–Armenta*, 763 F.2d 1089, 1090 (9th Cir.1985). It is less clear when a defendant must be allowed to present evidence regarding the legality of a prior deportation to the jury. There are two Ninth Circuit cases on point.

In *United States v. Hernandez–Rojas*, 617 F.2d 533 (9th Cir.), *cert. denied*, 449 U.S. 864, 101 S.Ct. 170, 66 L.Ed.2d 81 (1980), the defendant was charged with violating § 1326. The district court conducted a pretrial hearing regarding the legality of the defendant's prior deportation and found that it was valid because the Government's admitted violation of 8 C.F.R. § 242.2(e) (requiring that an arrested alien be advised of the right to speak with consul of his or her country) had not prejudiced Hernandez. At trial, the district court did not permit Hernandez to cross-examine a government witness about the § 242.2(e) violation on the ground that such questioning was irrelevant. Hernandez argued that the questioning was necessary to disprove the *fact* of deportation. We stated:

> Because the legality of Hernandez's underlying conviction was ruled not in issue at trial, it was proper to exclude evidence to prove the illegality of the deportation.... The district court did not abuse its discretion in excluding this evidence as irrelevant. Proof that the INS violated § 242.2(e) does not tend to make any less probable the objective *fact* whether Hernandez was deported. *See* Fed.R.Evid. 401. Even if relevant, the district court could have reasonably concluded that any probative value was outweighed by possible confusion to the jury.
>
> For the same reason, Hernandez's contention that the district court erred in refusing to allow him to introduce rebuttal evidence concerning the *legality* of the prior deportation is without merit.

*Id.* at 535 (emphasis added).

In *United States v. Bejar–Matrecios*, 618 F.2d 81 (9th Cir.1980), the defendant was also charged with violating § 1326. Bejar did not collaterally attack the validity of his prior deportation prior to trial but sought to cross-examine a government witness before the jury regarding whether immigration regulations required that an arrested alien be advised of the right to speak with consul of his or her country. The district court sustained the government's objection to this line of questioning on the ground that it was "a matter of law which the court could instruct." On appeal, we stated:

> Although not wholly clear from the record, it appears that Bejar wished to pursue this line of questioning in order to show

that the prior deportation was unlawful. Testimony by the government witness *about whether the Service had complied with § 242.2(e)* was directly relevant to the issue of the legality of the prior deportation. *Compare United States v. Hernandez–Rojas*, 617 F.2d 533 (9th Cir.1980). (Evidence concerning the non-compliance with agency regulations could not be offered to challenge the fact of the prior deportation when the trial court had previously considered the lack of compliance and ruled it non-prejudicial.) By restricting Bejar's cross-examination in this area, the district court prevented Bejar from making an effective defense of a § 1326 charge.

*Id.* at 82–83 (emphasis added).

[5] Thus, a defendant must be allowed to present evidence regarding the legality of a prior deportation to the jury where the issue has not been previously determined and there are factual issues (such as "whether the Service had complied" with the regulations) which need to be established. *Id.* However, where the district court has previously determined that the prior deportation was valid, such evidence can be excluded on the ground that it is irrelevant or would mislead the jury. *Hernandez–Rojas* at 535.

In this case, prior to trial, Ibarra made a motion to dismiss the indictment on the ground that his 1991 deportation was invalid because he did not knowingly and intelligently waive his right to appeal and he was not given a list of free legal services at the deportation hearing in violation of 8 C.F.R. § 242.2(e). The district court denied the motion and found that there was evidence in the record that the right to appeal was explained and that Ibarra failed to avail himself of that appeal. The district court also found that Ibarra was not prejudiced by the failure to provide him a list of free legal services at the deportation hearing, because a list had been provided to him at a prior hearing. Ibarra does not appeal these findings.

After the motion to dismiss was denied, the government made a motion in limine to preclude Ibarra from arguing the issue of the legality of his prior deportation before the jury. Ibarra then filed a trial memorandum arguing that he had a right to collaterally attack the validity of his prior deportation at trial. He indicated that he would challenge the deportation on the same grounds as those argued in his motion to dismiss and possibly on other grounds pending additional discovery. The district court granted the government's motion in limine, finding that the legality of the prior deportation was a legal matter on which Ibarra had already made a record.

We find that on the facts of this case the district court did not err in precluding Ibarra from introducing evidence regarding the legality of his prior deportation to the jury. Unlike in *Bejar–Matrecios*, where the defendant sought to pose questions on the factual issue of *whether* a regulation had been violated, here, as in *Hernandez–Rojas*, there were no factual issues in dispute regarding the prior deportation. After receiving the additional discovery, Ibarra did not raise any grounds for collateral attack that had not been resolved by the district court in the motion to dismiss. The government had conceded that it had failed to follow the regulations by not providing Ibarra a list of free legal services at the deportation hearing and there was no factual dispute regarding the circumstances under which Ibarra waived his appeal. The district court's legal determination that these facts did not amount to prejudice resolved the issue of the legality of the prior deportation prior to trial. Therefore, like in *Hernandez–Rojas*, the legality of Ibarra's prior deportation had been ruled not at issue and evidence regarding its validity would have been irrelevant. We hold that the district court did not err in precluding Ibarra from introducing evidence regarding the legality of his prior deportation to the jury.

C.  Closing Argument

[6] Ibarra contends that a new trial is warranted on the ground that comments by the prosecution during closing argument violated his Fifth Amendment rights under *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). While the comments by the prosecution that Ibarra had failed to produce evidence on

alienage were improper, they were immediately followed by curative instructions and we find that they did not result in prejudicial error. *United States v. Mares,* 940 F.2d 455, 461 (9th Cir.1991).

AFFIRMED.



UNITED STATES of America, Plaintiff-Appellant,

v.

Sean Robert MULLOY, Defendant-Appellee.

No. 92-30451.

United States Court of Appeals, Ninth Circuit.

Argued July 16, 1993.

Submission deferred July 16, 1993.

Resubmitted July 23, 1993.

Decided Sept. 2, 1993.

Defendant was convicted of being felon in possession of firearm and government's request to enhance his sentence under Armed Career Criminal Act was refused on basis that two of four prior violent felony convictions were constitutionally invalid by the United States District Court for the Western District of Washington, John C. Coughenour, J. Defendant appealed. The Court of Appeals, Canby, Circuit Judge, held that: (1) United States Supreme Court's *Parke* decision creates presumption of regularity of prior conviction pursuant to plea requiring affirmative showing by defendant that prior conviction was invalid to overcome presumption; (2) remand was required for further proceedings with respect to prior state court conviction since district court improperly read partial silence of record in state court proceeding to place burden of showing validity of convictions on government; (3) remand was required to district court for determination of whether district court treated silences in state court record in manner required by United States's Supreme Court's *Parke* decision when it ruled on question whether defendant knew rights he was giving up in stipulated facts trial and intelligently waived them; and (4) fact that defendant was informed of operation and effect of stipulated facts trial in separate proceeding for assault following his stipulated facts trial on charge of burglary did not generate spillover effect sufficient to validate prior burglary conviction.

Sentence vacated; remanded for resentencing.

1. Criminal Law ⚖273.1(1)

Showing of knowing and voluntarily plea depends in part upon valid waiver of right against self-incrimination. U.S.C.A. Const. Amend. 5.

2. Criminal Law ⚖1202.10(3), 1203.10(2)

United States Supreme Court *Parke v. Raley* decision created presumption that defendant intelligently and voluntarily pleaded guilty to prior offense serving as basis for enhancement under Armed Career Criminal Act, and defendant could not satisfy his burden to show constitutional invalidity of conviction merely by pointing to silent or ambiguous record; however, *Parke* created only presumption of regularity, and affirmative showing by defendant that prior conviction was invalid would overcome presumption and bar use of conviction for sentence enhancement. 18 U.S.C.A. § 924(e); U.S.C.A. Const. Amend. 5.

3. Criminal Law ⚖1203.26(7)

Remand was required for further sentencing proceedings, where district court seemed to have read partial silence of record in prior state court case to government's disadvantage with effect of placing burden of showing validity of prior convictions on government for purpose of enhancement under Armed Career Criminal Act, contrary to presumption of regularity established by United States Supreme Court *Parke* decision. 18 U.S.C.A. § 924(e).