1  KAREN P. HEWITT
   United States Attorney
2  PAUL L. STARITA
   Assistant U.S. Attorney
3  California State Bar No. 219573
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6507
   Email: paul.starita@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

| 10 | UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3470-BEN |
|---|---|---|---|
| 11 | Plaintiff, | ) ) | HEARING DATE:  April 28, 2008 |
| 12 | | ) ) | TIME:  2:00 p.m. |
| 13 | v. | ) ) | UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE: |
| 14 | | ) ) | (1)  SUPPRESS STATEMENTS; |
| 15 | JULIO BELTRAN-LAY, | ) ) | (2)  SUPPRESS FRUITS OF ARREST; (3)  EXCLUDE EXPERT WITNESS; |
| 16 | Defendant. | ) ) | (4)  EXCLUDE PRIOR BAD ACTS; AND (5)  CONDUCT ATTORNEY *VOIR DIRE*. |
| 17 | | ) ) | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND |
| 18 | | ) ) | AUTHORITIES |
| 19 | | ) | |

20        COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel,

21  KAREN P. HEWITT, United States Attorney, and Christopher M. Alexander, Assistant United States

22  Attorney, and hereby files its Response and Opposition to Defendants' above-referenced motions. This

23  Response and Opposition is based upon the files and records of the case together with the attached

24  statement of facts and memorandum of points and authorities.

25  //

26  //

27  //

28  //

**I**

**STATEMENT OF THE CASE**

On December 27, 2007, a federal grand jury in the Southern District of California returned an Indictment charging Defendant Julio Beltran-Lay ("Defendant") with being a deported alien found in the United States after deportation in violation of 8 U.S.C. § 1326. On January 8, 2008, Defendant was arraigned and entered a not guilty plea.

**II**

**STATEMENT OF THE FACTS**

**A.     THE INSTANT OFFENSE**

On Monday, October 22, 2007, at approximately 5:15 a.m., Sector Radio broadcasted a citizen's report of an individual detained near the R.J. Donovan Correctional Facility. The prison is located approximately one mile east of the Otay Mesa, California, Port of Entry and approximately two miles north of the international border with Mexico. Border Patrol Agent Edgar Hunt responded to the call.

When Agent Hunt arrived, Correctional Officer Sergeant J. Averett had Defendant detained approximately 200 yards east of the guard shack. Sergeant Averett stated that he stopped Defendant because he was trespassing and thought he might be an inmate trying to escape from the facility. After a brief interview, Sergeant Averett determined that Defendant was not an inmate.

Agent Hunt approached Defendant, identified himself as a Border Patrol agent, and asked Defendant routine immigration questions. Defendant claimed that he was a "United States citizen." Defendant could not provide any identification to support his claim. Agent Hunt asked Defendant common knowledge questions regarding the United States. Defendant was unable to provide accurate answers. The answers Defendant provided were confused and contradictory. Defendant was detained and transported to the Chula Vista Border Patrol stations for processing.

At the station, Defendant was entered into the Automated Biometric Identification System. This provided Defendant's true identity and some of his prior criminal and immigration histories. These checks indicated Defendant had been removed to Mexico from the United States, through the San Ysidro, California, Port of Entry, on October 10, 2007. Defendant's criminal history also showed a

1 conviction for robbery.  A complete set of rolled fingerprints was submitted to WIN/AFIS and
2 confirmed Defendant's identity.

3     At approximately 10:19 a.m., Agent Hunt advised Defendant in the Spanish language of his right
4 to contact the Mexican Consulate as witnessed by Agent Juan Sanchez.  Defendant stated that he
5 understood this right and did not wish to speak with the consulate.

6     Defendant was also advised that his administrative rights did not apply and that he was being
7 charged criminally.  Furthermore, he was advised that a voluntary return to Mexico would not be
8 granted.

9     At approximately 10:21 a.m., Agent Hunt advised Defendant in the Spanish language of his
10 <u>Miranda</u> warnings as witnessed by Agent Sanchez.  Defendant stated that he understood his rights and
11 invoked his right to remain silent.  At this time, all questioning stopped.

12 **B.     DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

13     Defendant was convicted on April 14, 2006, of robbery in violation of California Penal Code
14 § 211 and received 2 years in prison.  Accordingly, on September 26, 2007, Defendant was
15 administratively ordered deported to Mexico and, on October 10, 2007, Defendant was physically
16 removed from the United States to Mexico.

17 **III**

18 **POINTS AND AUTHORITIES**

19 **A.     DEFENDANT'S STATEMENTS SHOULD NOT BE SUPPRESSED**

20     Defendant claims that his statements made while in immigration custody on October 10, 2007
21 and his statement made on the day of the instant arrest requesting a voluntary return are inadmissible
22 because these statements were involuntary and were given in violation of <u>Miranda</u>.  The United States
23 only intends on offering Defendant's statements made while in immigration custody on October 10,
24 2007, and addresses the admissibility of those statements below.

25     A similar challenge was made in <u>United States v. Solano-Godines</u>, 120 F.3d 957, 961 (9th Cir.
26 1997).  In <u>Solano-Godines</u>, two years before the government brought criminal charges of illegal reentry
27 after deportation, the defendant appeared at a deportation hearing and made statements about his place
28 of birth, citizenship, prior convictions, and prior lawful deportations without having been given a

1 Miranda warning. Id. The Ninth Circuit held that the statements were not obtained in violation of
2 Miranda. Id. at 960 ("Miranda warnings are not required before questioning in the context of a civil
3 deportation hearing . . . because deportation proceedings are not criminal prosecutions, but are civil in
4 nature.").

5 Here, under similar circumstances, on October 10, 2007, after being released from State custody
6 and taken into Immigration custody, Defendant was asked by Immigration authorities if he wished to
7 contest his deportability and/or request withholding of removal to Mexico. Defendant did not wish to
8 do so and signed the Notice of Intent to Issue a Final Administrative Removal Order admitting the
9 allegation and charge in the Notice of Intent and acknowledging his desire to be removed to Mexico.
10 Defendant was not in custody pending any potential criminal charges but was questioned solely for the
11 purpose of a civil immigration proceeding. Accordingly, Defendant's request for a voluntariness
12 hearing and his motion to suppress should be denied.

13 **B.    DEFENDANT WAS NOT THE SUBJECT OF AN ILLEGAL ARREST**

14 Defendant previously moved to suppress the fruit of an alleged unlawful arrest and the United
15 States timely responded to that motion. The United States respectfully incorporates that response by
16 reference herein.

17 **C.    THE UNITED STATES HAS PROVIDED ADEQUATE EXPERT NOTICE**

18 Defendant moves to exclude any additional experts or additional testimony that was not
19 previously noticed. The United States only intends to offer expert witnesses and testimony previously
20 noticed and referenced in Defendant's moving papers at page 8. However, the United States respectfully
21 reserves the right to call additional expert witnesses in rebuttal if the need arises. At this point, the
22 United States is not in the possession of any reciprocal discovery which would lead it to the conclusion
23 that additional expert testimony would be necessary.

24 **D.    EVIDENCE GOVERNED BY FEDERAL RULES OF EVIDENCE 404(B), 608 AND 609**

25 The United States does not intend to offer any evidence governed by Federal Rules of Evidence,
26 404(b) and 608. However, the United States respectfully reserves the right to impeach Defendant with
27 the fact of his prior felony conviction under Federal Rule of Evidence, 609.

28 //

**E.  ATTORNEY-CONDUCTED *VOIR DIRE***

Defendant requests the opportunity to personally *voir dire* the prospective members of the jury. The United States has no objection to this request provided the United States is also allowed the opportunity to personally *voir dire* the prospective jurors.

## IV

## CONCLUSION

For the foregoing reasons, the United States asks that the Court deny Defendant's motions, except where unopposed.

DATED: April 21, 2008           Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*/s/ Paul L. Starita*
PAUL L. STARITA
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
Email: paul.starita@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>       v.<br><br>JULIO BELTRAN-LAY,<br><br>            Defendant. | Criminal Case No.   07CR3470-BEN<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Paul L. Starita, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response to Defendant's Motions In Limine, together with statement of facts, memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Timothy Scott, Esq.
          Atty for Defendant

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2008.

                                        */s/ Paul L. Starita*
                                        PAUL L. STARITA